PHILLIP H. BAER, ESQUIRE
Phillip H. Baer, Ltd.
Identification No. 03745
19th Floor, 1515 Market Street
Philadelphia, Penna. 19102
PHONE: 215-557-9000                                Counsel for Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD DePESTRE                 :        CIVIL ACTION

vs.                             :

WADDELL & REED                  :

**ORDER**

**AND NOW**, this _____ day of _____, 2002, upon consideration of the within pleading, it is hereby **ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and this action is remanded to the Court of Common Pleas of Philadelphia County for two separate and independent reasons:

1. Defendant does not allege that its principal place of business is in the State of Kansas and thus, fails to set forth the basis for this Court's jurisdiction; and

2. Defendant fails to prove the amount in controversy requirement.

BY THE COURT:

_____
J.

PHILLIP H. BAER, ESQUIRE
Phillip H. Baer, Ltd.
Identification No. 03745
19th Floor, 1515 Market Street
Philadelphia, Penna.  19102
PHONE: 215-557-9000                                    Counsel for Plaintiff(s)

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD DePESTRE                           :         CIVIL ACTION

    vs.                                               :

WADDELL & REED                            :

## PLAINTIFF'S MOTION TO REMAND

    1.  This is a claim for personal injuries sustained by Gerald DePestre in a motor vehicle accident which occurred on or about November 29, 2001.  Defendant removed this action from the Court of Common Pleas of Philadelphia County on the basis of diversity jurisdiction.

    2.  This Motion to Remand is based upon two separate and independent reasons: 1) Defendant does not allege that <u>its</u> principal place of business is in the State of Kansas and thus, fails to set forth the basis for this Court's jurisdiction, as required by this Court in the recent case of <u>Rachel M. White vs. David W. Hamen, et al</u>, E.D. Pa. #02-CV-3654, (**Exhibits** "**A**" and "**B**"); and 2) Defendant fails to prove the amount in controversy, as required by this Court in the recent case of <u>Sdregas vs. The Home Depot, Inc.</u>, E.D. Pa. #01-CV-5851 (PICS Case No.

02-0475), decided April 3, 2002, (**Exhibit "C"**).

      **WHEREFORE**, plaintiff respectfully requests this Honorable Court to enter an Order in the form attached hereto.

      PHILLIP H. BAER, LTD.


BY:_____
    PHILLIP H. BAER, ESQUIRE
    Counsel for Plaintiff

PHB:rlh

PHILLIP H. BAER, ESQUIRE
Phillip H. Baer, Ltd.
Identification No. 03745
19th Floor, 1515 Market Street
Philadelphia, Penna. 19102
PHONE: 215-557-9000                                     Counsel for Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD DePESTRE | : | CIVIL ACTION |
| vs. | : | |
| WADDELL & REED | : | |

### MEMORANDUM OF LAW

This action should be remanded to the Court of Common Pleas of Philadelphia County for two separate and independent reasons:

**I. Defendant Does Not Allege That Its Principal Place Of Business Is In The State Of Kansas And Thus Fails To Set Forth The Basis For This Court's Jurisdiction**

By Order dated June 11, 2002, (**Exhibit "A"**), Judge Katz of this Court remanded the case of <u>Rachel M. White vs. David W. Hamen, et al</u>, E.D. Pa. #02-CV-3654, to the Court of Common Pleas of Philadelphia County, stating:

> "Defendant does not allege that <u>its</u> principal place of business is 720 Arrow Road, North York, Ontario, Canada. <u>See</u> Notice of Removal ¶3. Thus, this Notice of Removal is insufficient to establish diversity jurisdiction. <u>See</u> 28 U.S.C. §1332(c)(1) ("a corporation shall

> be deemed a citizen of any state…where it has its principal place of business"); see also Hunt v. Acromed Corp., 961 F.2d 1079, 1080, 1082 (3d Cir. 1992)."

By Order dated June 21, 2002, Judge Katz denied Defendants' Petition for Leave to File an Amended Notice of Removal on the basis that:

> "…this court's jurisdiction is hardly a technical matter."

For the same reasons as set forth in this Court in White, it is respectfully requested that this Honorable Court remand this action to the Court of Common Pleas of Philadelphia County.

II.  **Defendant Fails To Prove The Amount In Controversy Requirement**

In Sdregas vs. The Home Depot, Inc., E.D. Pa. #01-CV-5851 (PICS Case No. 02-0475), decided April 4, 2002, (**Exhibit "C"**), defendant, in support of its position, furnished this Court a copy of the Complaint which, *inter alia*, alleged "serious injuries"; and, according to Judge Kauffman:

> "Defendant contends that the amount in controversy in this case exceeds $75,000, due to the nature of Mrs. Sdregas' alleged injuries, the length of her initial hospitalization, and her post-hospitalization treatment, as well as her age and past medical history. In support of its position, Defendant has submitted copies of medical bills for Mrs. Sdregas' visit to the emergency room and five-day stay at St. Mary Medical Center, which total $14,817. (Def.'s Resp. Ex. A.) Defendant also offers correspondence between Plaintiffs' counsel and a general

> liability examiner at Sedgwick Claims Management Services, Inc., indicating that Mrs. Sdregas has received treatment from her family physician, an opthamologist, a neuro-psychologist, and a psychiatrist, but does not include any records of actual medical expenses incurred for this treatment."

Notwithstanding the record evidence of serious injuries in <u>Sdregas</u>, Judge Kauffman remanded to the Court of Common Pleas stating that this Court lacks subject matter jurisdiction in that defendant did not offer sufficient proof of the value of the injured plaintiff's claim. In <u>Sdregas</u>, in addition to the Complaint alleging serious injuries, hospitalizations and post hospitalization treatment, defense counsel offered medical proof. In the case at bar, defendant, Waddell & Reed, offered less. In fact, it offered absolutely no evidence at all as to the value of plaintiff's claims. Moreover, as Judge Kauffman stated:

> "<u>**When a case is removed**</u> from state court, the removing party bears the burden of proving the existence of federal subject matter jurisdiction, including establishing the amount in controversy. <u>Meritcare</u>, 166 F.3d at 222. Morever, the removal statute is 'to be strictly construed against removal and all doubts should be resolved in favor of remand."
> . . . .
> "Accordingly, the Court lacks subject matter jurisdiction and will therefore remand this action to state court." (Emphasis added.)

Defendant has the burden of proving <u>at the time of filing</u> its Notice of Removal and not at a later date that the Court has jurisdiction. For example, a defendant cannot file a Notice of Removal, then conduct discovery and, based upon information obtained through the discovery process, argue that the Court has jurisdiction. Defendant must prove jurisdiction at the time of

filing the Notice of Removal. Subsequent events cannot be used to support a Notice of Removal.

Defendant, Waddell & Reed's position clearly has less validity than that of the defendant in <u>Sdregas</u>, The Home Depot, Inc., and thus, it is respectfully requested that this Honorable Court follow its decision in <u>Sdregas</u> and remand to the Court of Common Pleas.

**WHEREFORE**, plaintiff respectfully requests this Honorable Court enter an Order in the form attached hereto.

                Respectfully submitted,

                PHILLIP H. BAER, LTD.


BY:_____
      PHILLIP H. BAER, ESQUIRE
      Counsel for Plaintiff

PHILLIP H. BAER, ESQUIRE
Phillip H. Baer, Ltd.
Identification No. 03745
19th Floor, 1515 Market Street
Philadelphia, Penna. 19102
PHONE: 215-557-9000                             Counsel for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD DePESTRE | : | CIVIL ACTION |
| vs. | : | |
| WADDELL & REED | : | |

### CERTIFICATE OF SERVICE

PHILLIP H. BAER, ESQUIRE, counsel for Plaintiff, hereby certifies that a true and correct copy of the within Plaintiff's Motion to Remand was served on counsel for Defendant on **June 26, 2002,** by first-class mail as follows:

> Hope S. Freiwald, Esquire
> Dechert, Price and Rhoads
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, Penna. 19103

> PHILLIP H. BAER, LTD.


> BY:_____
>      PHILLIP H. BAER, ESQUIRE
>      Counsel for Plaintiff

COMMONWEALTH OF PENNSYLVANIA        :
                                    : SS
COUNTY OF PHILADELPHIA              :

PHILLIP H. BAER, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for the plaintiff in the within action; that as such he is authorized to make this affidavit; and that the facts set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

_____
PHILLIP H. BAER, ESQUIRE

SWORN TO and SUBSCRIBED

before me this _____ day of

_____, 2002.

_____
     NOTARY PUBLIC

June 26, 2002

Hope S. Freiwald, Esquire
Dechert, Price and Rhoads
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Penna.  19103

RE:   **DePestre vs. Waddell & Reed**
_____

Dear Ms. Freiwald:

 Enclosed you will find copy of Plaintiffs' Motion to Remand, the original of which has been duly filed with the Court.

            Sincerely,

            _____
              PHILLIP H. BAER

PHB:rlh
Enc.