<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>DISTRICT OF EASTERN PENNSYLVANIA</td></tr>
<tr><td>GERALD DePESTRE,<br><br>               Plaintiff,<br><br>v.<br><br>WADDELL & REED,<br><br>               Defendant.</td><td>Case No. 02-CV-3996</td></tr>
</table>

## ANSWER AND AFFIRMATIVE DEFENSES OF
## WADDELL & REED TO PLAINTIFF'S COMPLAINT

Waddell & Reed, Inc., (sued and referred to herein as "Waddell & Reed"), responds to the allegations of plaintiff's Complaint and Jury Demand (hereinafter "Complaint") as set forth below:

1.      Waddell & Reed is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

2.      Waddell & Reed denies the allegations of this paragraph to the extent it alleges that Waddell & Reed is "organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania."  Waddell & Reed is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Kansas, located at 6300 Lamar Avenue, Overland Park, Kansas 66202.  The address set forth in the Complaint is only that of a branch office.

3.      Waddell & Reed is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

4.      To the extent the allegations of this paragraph are legal conclusions, they require no response from Waddell & Reed.  Because the Complaint fails to explain the exact location of the accident that allegedly occurred somewhere in "the Commonwealth of Pennsylvania," and fails to describe the "motor vehicle" allegedly involved in the accident, allegations regarding these facts are denied.  Further, to the extent this paragraph is deemed to allege facts regarding Waddell & Reed, it is denied.

5.      To the extent the allegations of this paragraph are legal conclusions, they require no response from Waddell & Reed.  To the extent this paragraph is deemed to allege facts regarding Waddell & Reed, it is denied.

6.      To the extent the allegations of this paragraph are legal conclusions, they require no response from Waddell & Reed.  To the extent this paragraph is deemed to allege facts regarding Waddell & Reed, it is denied.

7.      Waddell & Reed is without knowledge or information sufficient to form a belief as to the truth of these allegations regarding plaintiff's medical condition, and therefore denies them.  To the extent this paragraph is deemed to allege fact regarding Waddell & Reed, it is denied.

8.    To the extent the allegations of this paragraph are legal conclusions, they require no response from Waddell & Reed.  To the extent this paragraph is deemed to allege facts regarding Waddell & Reed, it is denied.

WHEREFORE, defendant Waddell & Reed, having fully answered, requests that this Court enter judgment in its favor and against plaintiff, and award Waddell & Reed its costs and expenses incurred in this matter, and grant Waddell & Reed such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1.       Plaintiff's action may be improperly venued in the United States District Court for the Eastern District of Pennsylvania.

2.       Plaintiff's service of process was insufficient.

3.       Plaintiff fails to state a claim upon which relief can be granted.

4.       Plaintiff's alleged injuries, if any, were caused in whole or in part by the acts or omissions of others, who were not employees acting in the course and/or scope of employment for Waddell & Reed at the time of the alleged accident, and for whose conduct Waddell & Reed is not responsible.

5.       Plaintiff's claim is based upon a negligence theory, and therefore that claim is governed by the Pennsylvania Comparative Negligence Act.

6.       Plaintiff knowingly and voluntarily assumed the risk of harm at the time of the incident in question, and plaintiff is barred from recovery thereby.

7.       Plaintiff's claim is governed, at least in part, by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq.

8.       The alleged injuries to plaintiff, if any, were caused, in whole or in part, by plaintiff's own negligence, and plaintiff's claim is therefore barred or reduced by the principle of contributory negligence and/or the principle of comparative negligence.

9.     Plaintiff's claim is barred, at least in part, by his failure to cross the "Limited Tort" threshold, 75 Pa. C.S. §§ 1702 and 1705.

10.     Plaintiff's claim is barred or reduced because plaintiff failed to mitigate damages, if any.

11.     Plaintiff's alleged injuries and damages may have been the result of an independent, intervening, and/or superseding cause.  Any alleged action or alleged omission on the part of Waddell & Reed was not the proximate cause of plaintiff's alleged injuries and damages.

12.     Any recovery by plaintiff must be reduced or offset by amounts plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

13.     Plaintiff's claim is barred because Waddell & Reed did not owe any legal duty to plaintiff or, if Waddell & Reed did owe such a legal duty, Waddell & Reed did not breach that duty.

14.     Waddell & Reed denies each and every allegation of the Complaint that is not specifically admitted herein.

15.     Waddell & Reed hereby gives notice that it intends to rely upon such other defenses as may become available or appear through discovery or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

16.     To the extent that the law of the United States or the Commonwealth of Pennsylvania applies to some or all of the claims asserted herein, Waddell & Reed incorporates and adopts on its behalf all affirmative defenses that would be available as a matter of law, statute, or regulation under that law.

WHEREFORE, defendant Waddell & Reed, having fully answered, requests that this Court enter a judgment in its favor and against plaintiffs, and award Waddell & Reed its costs and expenses, including attorneys' fees incurred in this matter, and grant such other relief as the Court may deem just and proper.

## JURY DEMAND

Waddell & Reed hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 27, 2002

_____
Hope S. Freiwald
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
(215) 994-4000

**Attorneys for defendant**
**Waddell & Reed**

## CERTIFICATE OF SERVICE

I, Hope S. Freiwald, hereby certify that I caused to be served on June 27, 2002, a true and correct copy of the foregoing Answer with Affirmative Defenses of Waddell & Reed to plaintiff's Complaint through U.S. mail delivery upon the following:

PHILLIP H. BAER, LTD.
Phillip H. Baer, Esquire
1515 Market Street, 19th Floor
Philadelphia, PA 19102

Attorney for plaintiff


_____
Hope S. Freiwald