| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
| GERALD DePESTRE,<br><br>    Plaintiff,<br><br>v.<br><br>WADDELL & REED,<br><br>    Defendant. | Case No. 02-CV-3996 |

**DEFENDANT'S BRIEF IN**
**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

I. Defendant Has Its Principal Place of Business in the State of Kansas

There should be no disagreement that the record in this case shows that there is diversity of citizenship. Plaintiff is a Pennsylvania resident and citizen. Defendant is a Delaware corporation, without a Pennsylvania principal place of business, but with its principal place of business in the State of Kansas.

In plaintiff's Motion to Remand, plaintiff does not suggest that defendant is a Pennsylvania citizen or that it has a principal place of business in Pennsylvania. Instead, plaintiff argues that defendant's Notice of Removal uses the phrase "a principal place of business," rather than "its principal place of business." Plaintiff rests his argument on "a" meaning something different from "its."[1] Plaintiff heavily relies on Judge Katz's order in White

---

[1] This assumes, *arguendo*, that there can somehow be more than one "principal" place of business. But see THE AMERICAN HERITAGE COLLEGE DICTIONARY 1088 (3d ed. 2000) (defining "principal" as "first, highest, or foremost in importance, rank, worth, or degree; chief"). In the ordinary use of words, there can be only one "first" just as there can be only one "majority."

v. Hamen, No. 02-CV-3654, and on a "see also" cite to Hunt v. Acromed Corp., 961 F.2d 1079, 1080, 1082 (3d Cir. 1992).[2]

The Third Circuit clarified Hunt in J. & R. Ice Cream Corp. v. California Smoothie Licensing Corp., 31 F.3d 1259, 1265 n.3 (3d Cir. 1994), and noted that using "a" instead of "its" in a notice of removal is curable by examining "letters and supporting material" submitted to the court. Other courts have followed suit. See Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 164-165 (E.D. Pa. 1995) (Brody, J.) (looking to complaint, notice of removal, and other documents in record to cure jurisdictional defect in notice of removal); see also Kimmet v. Mannesmann Dematic Rapistan Sys. Corp., No. CIV. A. 00-1247, 2000 WL 822513, at * 3 (E.D. Pa. June 26, 2000) (Yohn, J.) (recognizing ability to amend defective notice of removal even after expiration of thirty-day removal time period).

The Answer filed by defendant in the present case, and even the Notice of Removal itself, show that defendant has "its" only principal place of business in the State of Kansas.[3]

First, in the Notice of Removal, defendant specifically alleges that, "[c]ontrary to the allegations of plaintiff's Complaint, the Pennsylvania address provided for Waddell & Reed

---

[2] The Hunt decision did not answer the question of "its" versus "a" because the case had already been remanded and the court no longer had any jurisdiction to decide the question. Hunt, 961 F.2d at 1082.

[3] Because plaintiff is a Pennsylvania citizen, there is diversity jurisdiction so long as defendant is not a Pennsylvania citizen. Defendant is a Delaware corporation. Nowhere does plaintiff suggest that, in fact, defendant's principal place of business is in Pennsylvania.

is merely that of a branch office." Notice of Removal, ¶3.b. Defendant then distinguishes that "branch office" from the defendant's principal place of business in Kansas. Id.

Second, in the Notice of Removal, defendant's identification of its address as being in the State of Kansas clearly evidences the diversity requirement when juxtaposed to the next sentence, which states that "complete diversity exists between plaintiff and Waddell & Reed." Notice of Removal, ¶3.b.

Third, defendant states in its Answer to plaintiff's Complaint that "its principal place of business is in the State of Kansas," and reasserts that its Pennsylvania office is "only a branch office." Answer, ¶2.

Plaintiff alleges in his Complaint, at ¶2, that:

> [d]efendant, Waddell & Reed, is a business entity, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with offices located at 4999 Louise Drive, Suite 301, Mechanicsburg, Pennsylvania 17055.

Defendant's Answer states, at ¶2, that:

> Waddell & Reed denies the allegations of this paragraph to the extent it alleges that Waddell & Reed is "organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania." Waddell & Reed is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Kansas, located at 6300 Lamar Avenue, Overland Park, Kansas 66202. The address set forth in the Complaint is only that of a branch office.

Finally, defendant's Answer, which correctly states that defendant has "its" principal place of business in the State of Kansas, was filed with the Court on June 27, 2002,

before plaintiff's Motion for Remand was received by defendant on June 28, 2002. This chronology demonstrates that even before plaintiff's Motion to Remand was received, the record already contained material supporting complete diversity between plaintiff and defendant.[4]

Because the record is plush with factual allegations that support the logical conclusion that defendant's principal place of business is in the State of Kansas, just like the records in J. & R. Ice Cream Corp. and Ellerbee, it is requested that this Court deny plaintiff's Motion to Remand.

II.    Plaintiff's Claim Satisfies the Amount in Controversy Requirement

As to plaintiff's second assertion, that defendant fails to prove the amount in controversy, defendant notes that plaintiff has not asserted and has not agreed to stipulate that his case does not meet the $75,000 jurisdictional limit. Thus, the Court may make an independent appraisal of the value of the claim based on a reasonable and generous reading of the rights being litigated. See Angus v. Shiley, 989 F.2d 142, 146 (3d. Cir. 1993). If plaintiff's claim is truly worth less than the jurisdictional minimum, i.e., $75,000, then "there is no valid reason why [plaintiff] cannot stipulate to limit [his] damages to that amount." Johnson v. Costco Wholesale, No. CIV. A. 99-CV-3576, 1999 WL 740690, at * 3 (E.D. Pa. Sept. 22, 1999) (Kelly, J.) (noting that plaintiff cannot defeat "statutory right of removal while at the same time retain the ability to collect a damages award greater than $75,000"); see, e.g., Connelly v. Schleef, No. CIV. A. 01-5559, 2002 WL 192569, at *2 (E.D. Pa. Jan. 30, 2002) ( Waldman, J.) (reasoning that plaintiff

---

[4] Defendant does not suggest that plaintiff's counsel had received defendant's Answer before filing and serving his Motion to Remand and ignored its contents. Those two documents apparently crossed in the mail.

4

can "cap" his demand if he wishes, but failure to do so means that damages award could be more than $75,000); Dempsey v. Federal Express Corp., No. 01-CV-3229, 2001 WL 1356505, at *2 (E.D. Pa. Nov. 2, 2001) (McGirr Kelly, J.) (finding diversity jurisdiction where amount demanded was merely alleged to be more than $50,000, and not alleged to be less than $75,000).

As the plaintiff failed to cap his demand, plaintiff solely relies on one terse opinion, Sdegras v. The Home Depot, Inc., No. 01-CV-5851, to support his attempt to have his cake and eat it too, by demanding more than The Local Rules of the Philadelphia Court of Common Pleas mandatory arbitration amount ($50,000), but insinuating, without specifically stating, that plaintiff's alleged damages are less than the federal jurisdictional controversy requirement ($75,000).

Contrary to plaintiff's memorandum of law, the injuries alleged in Sdegras were relatively minor, including "dizzy spells" and "bruising." Sdegras, No. 01-CV-5851. Plaintiff, on the other hand, alleges "serious and permanent injuries," including "serious orthopedic, neurological, and internal injuries" and "post-concussion syndrome." Complaint, ¶7. These very same injuries were alleged in Bryant v. Ferguson Enterprises, Inc., No. 02-1677, 2002 WL 1067459, at *2 (E.D. Pa. May 29, 2002) (Waldman, J.), and Judge Waldman held that no matter what standard of damage calculation was employed,[5] a reasonable jury could "clearly" find that such injuries amount to an award worth more than $75,000. Id. at *2. This does not even factor in the cost of replacing an allegedly damaged motor vehicle, another demand made by plaintiff.

---

[5] District Courts in the Third Circuit use either a "legal certainty," "preponderance of the evidence," or "reasonable probability" standard to measure unliquidated damages. See Bachman Co. v. Macdonald, 173 F. Supp.2d 318, 323 (E.D. Pa. 2001) (Kelly, J.) (summarizing standards).

Complaint, ¶8; see Werwisnki v. Ford Motor Co., No. CIV. A. 00-943, 2000 WL 375260, at *3 (E.D. Pa. Apr. 11, 2000) (Buckwalter, J.) (allowing purchase price of car to bolster damage calculation). Plaintiff's alleged injuries are also more severe than "soft tissue injury" that Judge Reed found insufficient to meet the jurisdictional minimum in Fosbenner v. Wal-Mart Stores, Inc., No. CIV. A. 01-3358, 2001 WL 1231761, at * 3 (E.D. Pa. Oct. 12, 2001) (Reed, J.). Thus, a "reasonable and generous" reading of plaintiff's Complaint, based on prior district court valuations of similar injuries, and plaintiff's failure to cap his demand, leads to the conclusion that the amount in controversy reasonably exceeds the jurisdictional minimum.

WHEREFORE, defendant respectfully requests that this Court enter an order denying plaintiff's Motion to Remand.

Respectfully submitted,

Dated: July 3, 2002

_____
Hope S. Freiwald
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
(215) 994-4000

**Attorneys for defendant
Waddell & Reed**