```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GERALD DEPESTRE, | : | CIVIL ACTION |
| | : | NO. 02-3996 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WADDELL & REED, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this **1st** day of **August, 2002**, following a hearing on plaintiff's motion to remand (doc. no. 2) in which counsel for the parties participated, it is hereby **ORDERED** that:

   1.   The motion is **DENIED.**[1]

---

[1] Plaintiff makes two arguments in support of its motion to remand: one, defendant has failed to allege diversity of citizenship and, two, defendant has failed to show that the amount in controversy in this case exceeds $75,000.  For the reasons that follow, the court finds neither argument persuasive.

   1.   Diversity.
   Defendant, a corporation, removed this case to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1332.  As averred in the complaint and the notice of removal, plaintiff is a citizen of Pennsylvania.  A corporation is deemed to be a citizen of any state in which it has been incorporated and in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Here, defendant stated in the notice of removal it "is incorporated under the laws of the State of Delaware, with a principal place of business in the State of Kansas."  Plaintiff moves to remand on the basis that defendant has not stated that its principal place of business is a state other than Pennsylvania, as required by the statute.  However, plaintiff does not contest the existence of actual diversity of citizenship in this case, and defendant has filed an answer to the complaint stating that its principal place of business is in Kansas.
   When diversity is not contested and a party has failed to make sufficient allegations as to the citizenship of a party,

---

leave to amend the notice of removal may be granted.  "It has long been the law that a federal district court has the power to grant leave to amend a removal petition when the petition fails to allege the citizenship of one of the parties."  Horowitz v. Federal Kemper Life Ass. Co., 861 F. Supp. 1252, 1256 (E.D. Pa. 1994) (citing Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78 (1903)).  An allegation that a corporate party has a principal place of business in a certain state has no legal consequence.  In other words, alleging that a corporation has a principal place of business in a particular state (but not its principal place of business) is the functional equivalent of failing to allege the citizenship of that party.

However, the failure to allege the citizenship of a party in a removal petition is a "technical" deficiency which may be cured by amendment, even after expiration of the 30 day period to seek removal under 28 U.S.C. § 1446.  See Horowitz, 861 F. Supp. at 1256 (an allegation of residency is insufficient to satisfy the statutory requirement that the citizenship of all parties be alleged in a removal petition; the deficiency, however, may be cured by amendment), rev'd in part on other grounds, (citing Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78 (1903)).

In this case, the defendant's allegation that it has a principal place of business in Kansas was insufficient to allege its own citizenship.  Because failure to allege the citizenship of a party in a removal petition is technical and can be cured by amendment, even after the 30 day period for removal has expired, defendant shall be afforded 10 days to amend the notice of removal to allege its own citizenship.

2. Amount in Controversy.

Plaintiff also argues that although he has alleged that his damages are greater than the state arbitration limits (i.e., $50,000), defendant has not met its burden of showing that the amount in controversy in this case exceeds $75,000.  In his complaint, plaintiff alleges that defendant's conduct caused plaintiff:

> to sustain serious and permanent injuries, . . . cervical, dorsal and lumbosacral strains and sprains and other injuries to the muscles, nerves, tendons, tissues and intervertebral discs thereof, . . . multiple contusions, abrasions and lacerations, . . . other serious orthopedic, neurological and internal injuries, . . . arthritic and vascular changes, . . . severe injury and

      2.   It is **FURTHER ORDERED** that defendant is granted leave to file an amended notice of removal within 10 days.

    **AND IT IS SO ORDERED.**

                               **EDUARDO C. ROBRENO,        J.**

---

> shock to his nerves and nervous system, . . . cerebral concussion and post-concussion syndrome; . . . has in the past and will in the future continue to require medicines, medical care and attention; . . . has in the past and will in the future continue to suffer agonizing aches, pains and mental anguish; . . . has in the past and will in the future continue to be disabled from performing his usual duties, occupations and avocations.

Compl. ¶ 7.

    The amount in controversy in the case of an unliquidated damages claim is measured by "a reasonable reading of the value of the rights being litigated." <u>Angus v. Shiley</u>, 989 F.2d 142, 145-46 (3d Cir. 1992). Based on a "reasonable reading" of the above allegations as well as plaintiff's failure to declare affirmatively that his damages are less than $75,000, the court finds that the amount in controversy in this case exceeds $75,000. See <u>Bryant v. Ferguson Enterprises, Inc.</u>, No. 02-1677, 2002 U.S. Dist. LEXIS 9332, ("A reasonable jury could clearly award more than $75,000 if plaintiffs' averments [similar to the averments in this case] are substantiated."); <u>Johnson v. Costco Wholesale</u>, No. 99-CV-3576, 1999 U.S. Dist. LEXIS 14496, *9 (E.D. Pa. 1999) (while a stipulation that damages do not exceed $75,000 is voluntary, failure to stipulate is not legally insignificant.")